**DEERING, Appellee v. HIRSCH, et al., Appellants.**

Ohio Appeals, First District, Hamilton County.

No. 6533. Decided May 21, 1945.

Paxton & Seasongood, Cincinnati, for appellee.
John D. Ellis, Cincinnati, and Nathan Solinger, Cincinnati, for appellants.

## OPINION

PER CURIAM.

Law and fact appeal from a judgment permanently enjoining defendants from dismissing plaintiff from the position of Director of Public Recreation in Cincinnati.

The Court is in accord with the statement contained in plaintiff's affidavit of April 27, 1945, that the issue before the Court is substantially one of law and does not involve the merits of the incumbent of the position.

Following the procedure and mechanics of appointments to positions in the classified service, plaintiff was selected in March, 1932, as Director of Public Recreation in and for the City of Cincinnati. In competition with others he submitted to both written and oral examination, was appointed from an eligible list of three names, and from that time on was carried

on the City records as in the classified service until December, 1944.

Acting on the written opinion of the City Solicitor, the Recreation Commission on December 12, 1944, passed the following resolution:

"WHEREAS, the position of Director of Recreation has heretofore been treated as in the classified service; and

"WHEREAS, said position bears a highly confidential relationship to the Public Recreation Commission itself; and

"WHEREAS, the Director of Recreation is in the highest sense an assistant of the Public Recreation Commission; and

"WHEREAS, the Public Recreation Commission is given, by the Civil Service laws of the state of Ohio, the right to certain unclassified positions, which right has heretofore not been exercised; and

"WHEREAS, it is the unanimous opinion of the Public Recreation Commission that the position of Director of Recreation should properly be in the unclassified service; now, therefore,

"BE IT RESOLVED:

"1. That from and after the adoption of this resolution, the position of Director of Recreation shall be in the unclassified service.

"2. That the Civil Service Commission of the City of Cincinnati shall be presented with a certified copy of this resolution."

Thereafter, on December 14, 1944, defendant Commission moved to discontinue plaintiff's services as Director of Recreation as of December 31, 1944, relieved him of his duties and notified him in writing of such action.

Plaintiff contends first, that defendant Commission had no power to declare the position theretofore treated by all concerned as in the classified service to be in the unclassified service; second, the defendant Commission, as against the plaintiff, is estopped from the action taken; and, third, if the City had the power to do what was done, the defendant Commission exceeded its powers in so acting.

The Ohio Constitutional provision on Civil Service is:

"Appointments and promotions in the civil service of the state, the several counties, and cities, shall be made according to merit and fitness, to be ascertained, as far as practicable,

by competitive examinations. Laws shall be passed providing for the enforcement of this provision." **Art. XV, Sec. 10.**

It will be noted that the constitutional provision contains clear recognition that there is a type, kind, and character of position in the civil service, wherein it is not practicable to determine the merit and fitness of prospective appointees by means of competitive examination. Should an appointing authority proceed to appointment to such a position solely by way of competitive examination, it would seem that such procedure might fairly be characterized as anti-constitutional and in disregard of the distinction recognized by the constitution, and, hence, contrary to the public policy expressed by the people therein and perhaps not subservient to the public interest.

The relationship created by the employment between the appointing authority and the appointee is dependent on the type, kind, and character of the duties to be performed on behalf of and in the name, place, and stead of the appointing authority by the appointee, and establishes the practicability of resting the determination of merit and fitness solely in competitive examination to the exclusion of discretion and choice on the part of the appointing authority. If the duties involve determination of policy, financial integrity, employment, and direction of subordinates, the exercise of sound discretion and mature judgment, confidential preparation and preservation of records, and a nice discernment of ideals of public service, then the relationship which springs into being as result of appointment is by common right and reason fiduciary in character, and such position is universally recognized as properly falling into the category of the unclassified service. The evil to be avoided is that the incumbent of such a position may not from the security of the classified service invade the field of prerogative and duty reposed by law in the appointing authority. Many cases holding positions to be in the unclassified service, based on the above or similar grounds, render citation unnecessary.

Pursuant to the constitutional provision, §486-8, **GC,** provides:

"The civil service of the state of Ohio and the several counties, cities and city school districts thereof shall be divided into the unclassified service and the classified service.

"(a) The unclassified service shall comprise the following positions, which shall not be included in the classified ser-

vice, and which shall be exempt from all examinations required in this act:

\* \* \* \* \*

"8. \* \* \* and two secretaries, assistants or clerks and one personal stenographer for other elective officers and each of the principal appointive executive officers, boards or commissions, except civil service commissions, authorized by law to appoint such secretary, assistant or clerk and stenographer.

\* \* \* \* \*

"(b) The classified service shall comprise all persons in the employ of the state, the several counties, cities and city school districts thereof, not specifically included in the unclassified service, to be designated as the competitive class and the unskilled labor class.

"1. The competitive class shall include all positions and employments now existing or hereafter created in the state, the counties, cities and city school districts thereof, for which it is practicable to determine the merit and fitness of applicants by competitive examinations. \* \* \*""

Article VII, section 14 of the City Charter provides:

"There shall be a public recreation commission consisting of one member of the board of education appointed by said board, one member of the board of park commissioners appointed by said board, and three citizens appointed by the mayor, to serve without compensation. The term of office of said members and the powers and duties of said commission shall be fixed by ordinance of the council, but all funds obtained from levies for recreational purposes, appropriated by other public bodies, or donated for such purposes to the city of Cincinnati or the public recreation commission, shall be expended by said commission."

Pursuant to the charter provision, Article XIV of the Administrative Code provides:
"Sec. 3. Powers. The public recreation commission shall have power and authority to equip, operate, supervise, and maintain all courses, tennis courts, baseball diamonds, in-

door recreation centers, municipal camps, and other recreational facilities on or in any public grounds or buildings, whether within or without the city of Cincinnati, owned by the city; or on or in any public grounds or buildings hereafter acquired, which the city may from time to time authorize, offer, designate, or set apart for such use; and it shall further have power, with the consent of the board of education of the city school district of the city of Cincinnati, to organize and conduct play and recreational activities on grounds and in buildings under the control of said board of education, provided that nothing in this section shall be construed to abridge the powers of said board of education to refuse the use of any of its grounds or buildings; and it shall have power and authority to equip, operate, supervise and maintain such privately owned lands or buildings whose use for public recreational purposes may be temporarily granted by the owners.

Sec. 4 Concession Privileges: Admission Fees. The public recreation commission shall have the power and authority to grant concession privileges at the various grounds and other places under the control of said commission, where games, entertainments, and recreational affairs are held, and to charge a nominal fee for admission to such activities as it may deem desirable and in furtherance of recreational affairs.

Sec. 5. Director of Public Recreation. The commission shall be authorized to appoint a director of public recreation and such supervisors, instructors, clerks, and other employees as shall be provided for by ordinance.

Sec. 6. Contracts for Special Employment. The director of recreation shall have authority to contract for the services of umpires, referees, special directors and instructors, musicians, accompanists and other employees to perform special and occasional duties."

The basic question to be determined is—Does the law of Ohio place the position of Director of Public Recreation in the city of Cincinnati in the unclassified civil service?

A mere reading of the charter provision creating the public recreation commission and the administrative code provisions outlining the commission's powers and duties, coupled with the specific authority contained in Section 5 of Article XIV to appoint a director, suffice to demonstrate that the defendant commission is a principal appointive commission, of the city of Cincinnati, authorized by law to

appoint two secretaries, assistants, or clerks, and one stenographer, comprising, under §486-8-8 GC, positions in the unclassified service. Being designated in the administrative code as Director, is such Director included in the descriptive terms secretaries, assistants, or clerks, used in §486-8-8 GC? The facts here show a non-salaried commission—with a minimum meeting requirement of once every two weeks, responsible for the development and direction under its rules and regulations of an adequate recreation program for a large city, and expending great sums of tax and other monies, functioning principally and directly by the active assistance and direction of its agent, called Director. It would be difficult to arrange a relationship where all the essentials to a fiduciary character of the relationship would more clearly appear. The Director is obviously the one vital agent, through·whom the duties and purposes of the Commission are accomplished, and he himself states in his affidavit of February 16, 1945 that as a part of his duties he acted as Secretary to the Commission.

On the authority of **The State, ex rel. Meyers, v. Blake, 121 Oh St, 511,** the Court finds the position of Director here, comprehended within the provisions of §486-8-8 GC, and, ▌hence, by virtue of the language of that statute one of the positions comprising the unclassified service which shall not be included in the classified service and which shall be exempt from all examinations required by the Civil Service Act.

Sec. 486-8-12 B GC, places positions for which it is practicable to determine merit and fitness by competitive examination in the classified service, thereby excluding positions fiduciary in charcter.

The resolution of the Commission—declaring the position of Director to be in the unclassified service did not fix that status, nor effect a transfer of position or incumbent, but only recorded recognition to the law, so locating the position in the unclassified service and the action of the Commission does not involve either a transfer of position or incumbent, but rather amounts to a correction of erroneous procedure and treatment of the position by all concerned. The fact that the original appointment proceeded erroneously by the mechan- ▌ics of the classified service and examination was had did not conclude the rights and duties of the Commission and Director under the law and did not create prescriptive rights to public office, based on principles of estoppel, as all parties are charged with knowledge of the law.

Finding the position of Director here involved to be in the unclassified service under the law, the defendant Commission not only had the power, but the duty, to correct its treatment as a classified position. It follows that the requisite power reposes in the Commission to dismiss a Director, inherent to its very existence.

Since the above conclusions are dispositive of the case, other contentions of plaintiff must fail.

A decree may be presented in accordance with this opinion, dissolving the injunction, dismissing the petition, at plaintiff's costs, and remanding the cause to the court of common pleas for execution.

HILDEBRANT, P. J., MATTHEWS & ROSS, JJ., concur in the opinion & judgment.